[ARGUMENT NOT YET SCHEDULED]
**UNITED STATES COURT OF APPEALS**
*for the* **District of Columbia Circuit**

|  |  |
|---|---|
| In re: ABD AL-RAHIM HUSSEIN AL-NASHIRI | ) <br> ) No. 18-1279 <br> ) <br> ) **MOTION TO** <br> ) **SUPPLEMENT** <br> ) <br> ) Dated: November 20, 2018 <br> ) |

COMES NOW, Petitioner, Abd Al-Rahim Hussein Al-Nashiri, and moves this honorable Court pursuant to Fed. R. App. Pro. 10(e), Fed. R. Evid. 201, and/or this Court's inherent power to take judicial notice of the attached supplemental documents in support of Petitioner's petition for a writ of mandamus and prohibition. These supplemental attachments include:

1) A true and correct copy of the first two pages of the Miami Herald newspaper from November 20, 2018, which contains an article written by McClatchy reporter Carol Rosenberg entitled, "War court judge pursued immigration job for years while presiding over USS Cole case";

2) A copy of the online version of the Miami Herald article, taken from MiamiHerald.com,[1] which contains information not included in the print version and hyperlinks to other publicly available sources; and

3) A 311-page Freedom of Information Act ("FOIA") response provided by Respondents to reporters for the Miami Herald. This FOIA response

---

[1] *Available at* https://www.miamiherald.com/news/nation-world/world/americas/guantanamo/article221557485.html

1

forms the basis of the attached Miami Herald article, is publicly available, and is directly linked to from the Miami Herald website.[2]

Petitioner has consulted with counsel for Respondents, who oppose any alteration of the briefing schedule based on the publication of the Miami Herald article and further oppose this motion to submit these supplemental attachments.

Petitioner asks this Court to grant this motion because these documents are relevant to the questions before it and derive from "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Furthermore, accepting these documents will cause no prejudice to either party, insofar they were previously in Respondents' exclusive possession and Petitioner submitted them to this Court as soon as he discovered them. Prior to filing, Petitioner also consulted with Respondents, who declined Petitioner's invitation to file a supplemental brief addressing their substance.

With respect to the first two supplemental attachments, the print and digital versions of the Miami Herald article, this "court may take judicial notice of the existence of newspaper articles," particularly where those articles elucidate a matter of public concern. *Washington Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991); *see also United States v. Microsoft Corp.*, 253 F.3d 34, 107-09 (D.C.

---

[2] *Available at* https://www.miamiherald.com/news/nation-world/world/americas/guantanamo/article221922035.ece/binary/The%20complete%20FOIA%20package

Cir. 2001); *Agee v. Muskie*, 629 F.2d 80, 81 n. 1, 90 (D.C. Cir. 1980). In fact, in ruling on Petitioner's motion below, the Court of Military Commission Review took judicial notice of another article by the same reporter for the Miami Herald to establish the fact that Col Spath had retired. CMCR Case No. 18-002, Order (September 28, 2018) (provided as CORRECTED Attachment A to Petitioner's Petition for a Writ of Mandamus and Prohibition, filed November 4, 2018).

The Miami Herald article is relevant to the issues before this Court because it reflects the information known to the public and the perception a reasonable member of the public is likely to have of the integrity of the judicial process below. The Supreme Court has described the "[p]ublic perception of judicial integrity" as "'a state interest of the highest order.'" *Williams-Yulee v. Fla. Bar*, 135 S. Ct. 1656, 1659 (2015) (*quoting Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 889 (2009)). Front-page reporting on Col Spath's conduct as the military commission judge in this case is therefore directly relevant to the merits of the issues before this Court and the remedies that may necessary to protect that highest order interest.

With respect to the FOIA documents that form the basis of the Miami Herald article, these documents are all public records and government personnel files that are regularly subject to judicial notice. *See, e.g., Massachusetts v. Westcott*, 431 U.S. 322, 323 n.2 (1977) ("[Coast guard] records may be judicially noticed."); *Houston v. United States*, 638 Fed.Appx. 508 (7th Cir. 2016) ("This court may take

3

judicial notice of any fact that 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned,' Fed.R.Evid. 201(b)(2), including public records … and agency determinations[.]"); *Dimanche v. Brown*, 783 F.3d 1204, 1213 n.1 (11th Cir. 2015) ("We take judicial notice of these facts because they can be accurately and readily determined from public reports[.]"); *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 (10th Cir. 2008) ("We may take judicial notice of these documents from the public record."); *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) ("[W]e may take judicial notice of the records of state agencies and other undisputed matters of public record[.]"); *Nieman v. NLO*, 108 F.3d 1546, 1554 (6th Cir. 1997) (court may take judicial notice of public records); *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996) (court may take judicial notice of agency documents); *Banks v. Warner*, 62 F.3d 1423 (9th Cir. 1995) ("It is entirely proper for a court to take judicial notice of records and reports of administrative agencies."); *Terrebonne v. Blackburn*, 646 F.2d 997, 1000 n. 4 (5th Cir.1981) ("Absent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports."); *United States ex rel. Dingle v. BioPort Corp.*, 270 F.Supp.2d 968, 972 (W.D.Mich. 2003) (collecting cases for the proposition that government documents are generally subject to judicial notice,

4

"includ[ing] public records and government documents available from reliable sources on the Internet[.]").

The Seventh Circuit case of *Denius v. Dunlap*, 330 F.3d 919, 927 (7th Cir. 2003) is particularly instructive, given the nature of the records at issue here. There, the Seventh Circuit not only took judicial notice of military personnel records, but also held that judicial notice was *required*, chastising counsel for "simply caus[ing] additional judicial work by contesting a factual issue that, according to information readily available in the public domain, cannot be reasonably disputed." *Ibid*.

Furthermore, "the circumstances of this case," like the *Microsoft* case, "are most unusual." *Microsoft*, 253 F.3d at 108. To the extent the record was previously incomplete in this case, it was because Respondents not only refused to disclose facts in their possession, but also sought to misdirect from those facts by contending, for example, that Petitioner's had offered "no basis to believe that the former presiding military judge has applied for a position with the DoJ or even contacted the DoJ regarding employment." Government Response to Defense Request for Discovery (Sept. 5, 2018) (provided as CORRECTED Attachment B to Petitioner's Petition for a Writ of Mandamus and Prohibition).

This case therefore presents a far more compelling basis for augmenting the documentary record on appeal than this Court confronted in *Microsoft*. And it also

5

presents a far more compelling basis than was presented in *Mangini v. United States*, 314 F.3d 1158, 1160 (9th Cir. 2003), where the Ninth Circuit allowed an appellant to supplement the record on appeal with newly discovered documents, private correspondence that demonstrated communications between a judge's brother-in-law and an expert witness, which, in turn, compelled the court to vacate the appellant's conviction "[n]ow that all the facts have come to light." *Id*. at 1162.

Here, the additional documents to have come to light are not private correspondence or even just the contents of media reports. They are government records, they were released to the public under the Freedom of Information Act, and they reveal facts that are both subject to judicial notice and squarely pertinent to the issues before this Court. Petitioner therefore moves this Court to supplement the attachments to his petition and to take judicial notice of the public records contained therein.

Respectfully submitted,

Dated: November 20, 2018

/s/     Michel Paradis
Michel Paradis
CAPT Brian Mizer, USN, JAGC
LT Alaric Piette, USN, JAGC
U.S. Department of Defense
Military Commission Defense Organization
1620 Defense Pentagon
Washington, DC 20301

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2018, copies of the foregoing Motion to Supplement were served on all relevant parties in the above captioned actions by electronic filing on the Court's ECF software.

By: <u>/s/ Michel Paradis</u>
*Counsel for Petitioner*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

Petitioner's Motion to Supplement, filed November 20, 2018, complies with the type-volume limitations imposed by Fed. R. App. P. 27(d)(2) because it contains 1,242 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii)

Dated: November 20, 2018

Respectfully submitted,

/s/ Michel Paradis
*Counsel for Petitioner*

# CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

**I.　　Parties and *Amici* Appearing Below**

　　A. Abd Al-Rahim Hussein Al-Nashiri, *Appellee*

　　B. United States of America, *Appellant*

**II.　　Parties and *amici* Appearing in this Court**

　　A. Abd Al-Rahim Hussein Al-Nashiri, *Petitioner*

　　B. United States of America, *Respondent*

　　C. Ethics Bureau at Yale Law School, *Amicus Curiae*

**III.　　Rulings under Review**

　　This case involves a petition for a writ of mandamus and prohibition to the Department of Defense and, in the alternative, to the United States Court of Military Commission Review, which issued an order denying the relief requested on September 28, 2018.

**IV.　　Related Cases**

　　This case has not previously been filed with this court or any other court. Petitioner has a habeas petition in the United States District Court for the District of Columbia, Case No. 08-1207.

| | |
|---|---|
| Dated: November 20, 2018 | /s/　　Michel Paradis<br>*Counsel for Petitioner* |